No. 22-35216

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

ROGER A. EVANS and LORI A. STEEDMAN,

*Debtors-Appellants*,

v.

KATHLEEN McCALLISTER, Chapter 13 Trustee,

*Trustee-Appellee*.

On Appeal from the United States District Court
for the District of Idaho
No. 4:20-cv-00112-DCN
Hon. David C. Nye

_____

**APPELLANTS' REPLY BRIEF**

_____

Alexandra O. Caval
Caval Law Office, P.C.
248 Idaho Street S
Twin Falls, ID 83301
T: (208) 733-2035
F: (208) 733-3919
E: alex@cavallawoffice.com

*Attorney for Appellants*
Roger A. Evans & Lori A. Steedman

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ……………………………………………………i

INTRODUCTION ………………...………………………………………….....1

ARGUMENT ………………………………………………………………... 3

    I.    The Bankruptcy System Does Not Hinge on Chapter 13 Trustees Collecting a Percentage Fee in Cases Dismissed Prior to Confirmation …..……………………………………..……..…. 3

    II.    28 U.S.C. §586(e)(2) is Not an Absolute Mandate and Does Not Override 11 U.S.C. §1326(a)(2) or §1326(b) and the Chapter 13 Scheme ………………………………………….………………..….. 6

    III.    11 U.S.C. §§349 and 1307 Do Not Provide Authority for the Trustee to Retain Her Percentage Fee …..…………………………………….. 11

    IV.    The Parallel Provisions in Chapter 12 and Subchapter V Cases Support the Argument that Standing Chapter 13 Trustees may Not Retain Their Percentage Fee When a Chapter 13 Case is Dismissed Prior to Confirmation………………………………………….… 12

CONCLUSION ....………………………………………………………… 13

STATEMENT OF RELATED CASES ………………………………………... 15

CERTIFICATE OF COMPLIANCE …………………………….……………… 16

CERTIFICATE OF SERVICE ...………………………………………………… 17

i

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Florida Dep't of Rev. v. Piccadilly Cafeterias, Inc.,*
554 U.S. 33, 128 S.Ct. 2326 (2008)…………………………………………8,9

*In re Fulkrod,*
973 F.2d 801, 803 (9th Cir. 1992) …………….…..…………………..13

*In re Hechinger Investment Co. of Delaware, Inc.,*
335 F.3d 243 (3rd Cir. 2003) ……………………….………………….. 8

*Kinney v. HSBC Bank USA, N.A. (In re Kinney),*
5 F.4th 1136 (10th Cir. 2021)………………….………………..7, 8, 9, 10, 11

**Statutes**

11 U.S.C. §349 …………………………………………...……... 2, 11, 12

11 U.S.C. §349(b)(3) ……………………………………………………… 11

11 U.S.C. §1194(a) ……………………………………………….………… 2, 3

11 U.S.C. §1194(a)(3) …………………………………………………… 12, 13

11 U.S.C. §1226(a) …….…………………………………………………… 2, 3

11 U.S.C. §1226(a)(2) …………………………………………………… 12, 13

11 U.S.C. §1306 ……………………………………………….. 11, 12

11 U.S.C. §1306(a)(2) ……………………………………………....…12

11 U.S.C. §1306(b) ……………………………………………….…12

11 U.S.C. §1307 …………………………………………………....…... 2, 3, 11, 12

11 U.S.C. §1307(b) ……………………………..……………………………. 12

11 U.S.C. §1321……………………………………………………………… 10

11 U.S.C. §1322………………………………………………….......... 6, 12

11 U.S.C. §1322(a)(1) ……………………………………..…………………. 12

11 U.S.C. §1322(a)(1) ……………………………………………………... 10

11 U.S.C. §1323 ……………………………..…....……………… 6, 9

11 U.S.C. §1323(b) ……………………………………….……………….. 10

11 U.S.C. §1324 …………………………………….……………………… 6

11 U.S.C. §1325 ……………………………..……………………………… 6

11 U.S.C. §1326 ……………………………………………………… passim

11 U.S.C. §1326(a) ………………………………………………………… passim

11 U.S.C. §1326(a)(1)(A) ……………………………………………… 7, 10

11 U.S.C. §1326(a)(2) ………………………………………………... passim

11 U.S.C. §1326(b) ………………………………………………… passim

11 U.S.C. §1326(b)(2) ……………………………………………… 14, 16

11 U.S.C. §1328(a) ………………………………………………… 7

28 U.S.C. §586 ……………………………………………………passim

28 U.S.C. §586(e) ………………………………………………passim

28 U.S.C. §586(e)(1)(B) ………………………………………….. 7

28 U.S.C. §586(e)(2) ……………………………...…………………... passim

iii

**Other Authorities**

U.S. Dep't of Just., Exec. Office for the U.S. Tr., *Handbook for Chapter 13 Standing Trustees (December 1, 1998)* .…………………….………………….. 3, 4

INTRODUCTION

The chapter 13 bankruptcy system does not hinge on standing chapter 13 trustees collecting their percentage fee cases in each and every chapter 13 case. In fact, prior to 2012 when the U.S. Trustee Program changed its policy on trustee compensation, chapter 13 trustees collected their percentage fee after confirmation when the trustee performed a distribution. Thus, prior to 2012 when a chapter 13 case was dismissed prior to confirmation, the chapter 13 trustee did not retain her fee. Consequently, reversing the District Court's decision will not damage the chapter 13 system because it has historically operated without trustees retaining their percentage fee when the case is dismissed prior to confirmed.

Furthermore, §586(e)(2) is not an absolute mandate nor is it the final authority on the trustee's ability to retain her percentage fee. It must be read in conjunction with §1326(a)(2) which requires the trustee to return payments that the debtor made under the proposed plan; those payments include the trustee's percentage fee. For the trustee to retain her fee, §1326(b)(2) requires a confirmed plan because the statute references payments to creditors "under the plan." That phrase is used throughout the Bankruptcy Code and the Tenth Circuit persuasively argues, using Supreme Court guidance, that the phrase most naturally means "under the authority of" the plan.

A debtor's ability to modify a chapter 13 plan pre-confirmation and alter the dollar amounts of the plan payments which are the source of the trustee's compensation, also demonstrates that 28 U.S.C. §586(e)(2) is not an absolute mandate. A debtor is free to increase or decrease the plan payments as he or she deems necessary which requires that a chapter 13 trustee adjust the dollar amount of the fee in order to not exceed the statutory cap imposed by §586(e)(2).

Sections 349 and 1307 of the Bankruptcy Code also do not provide authority for the trustee to retain her percentage fee in the event of dismissal. The debtor's wages which are used to fund the plan are estate property and the Code gives the debtor possession of the estate property. Those wages also fund the proposed plan payments pre-confirmation serve as the source of the trustee's percentage fee. In the event of dismissal, the estate property is returned to the entity in which the property was vested prior to the commencement of the case. Section 349 does not provide a basis for retaining the percentage fee.

Lastly, §586(e)(2) applies equally to standing trustees under chapter 12, chapter 13, and Subchapter V of the Bankruptcy Code. The Bankruptcy Code specifically permits standing chapter 12 trustees and Subchapter V trustees to retain their percentage fee when a case is dismissed prior to confirmation. There is no similar provision for chapter 13 trustees. While the trustee points to the inclusion of the word "funds" in both §1226(a) and §1194(a), this case does not

2

involve "funds" but whether she can retain her percentage fee from "payments," a term that is used across §§1326(a), 1226(a), and 1194(a). The difference in treatment across the chapters creates an inference that Congress intended a different result for chapter 13 cases when the case is dismissed prior to confirmation.

ARGUMENT

### I. The Bankruptcy System Does Not Hinge on Chapter 13 Trustees Collecting a Percentage Fee in Cases Dismissed Prior to Confirmation.

The chapter 13 trustee argues in Appellee's Answering Brief ("AAB") that the bankruptcy system hinges on chapter 13 trustees collecting their percentage fee from each and every chapter 13 bankruptcy case.  AAB at 10.  The fee issue, she argues, concerns the "financial survival of Chapter 13 trustees throughout the Ninth Circuit."  *Id*. For the system to work, chapter 13 trustees have to collect percentage fees in every case they handle.  *Id.* at 14. Furthermore, she argues that a rational trustee cannot budget for her trusteeship if the debtor can dismiss a case voluntarily under 11 U.S.C. §1307(b) and deprive her of her fees.  *Id.* at 14.

The chapter 13 system has historically not depended on the chapter 13 trustee collecting her fees all chapter 13 cases. The December 1, 1998, version of

the U.S. Department of Justice's *Handbook for Chapter 13 Standing Trustees*[1]

contained the following directive for standing chapter 13 trustees with respect to

fees:

> B. Calculation of Percentage Fee
>
> A standing trustee's percentage fee is fixed by the Director by delegation from the Attorney General, after consultation with the United States Trustee for the region in which the standing trustee serves, pursuant to 28 U.S.C. §586(e). The standing trustee has no authority to negotiate a percentage fee other than that fixed by order of the Director.
>
> The percentage fee is applied to all payments received by the standing trustee from the debtor under a plan. Thus, on a $1,000 payment received from a debtor, a standing trustee whose percentage fee is 6% would pay $60 to the standing trustee's expense account and disburse $940 to creditors.
>
> …
>
> Percentage fees are to be paid to the standing trustee's expense account at the time of disbursements under the plan and not at the time of receipts of the payments by the standing trustee, except for payments of §503(b) awards under §1326(a)(2), which should be transferred to the standing trustee's expense account when return of funds to the debtor is made.

See U.S. Dep't. of Justice, Exec. Office for the U.S. Tr*., Handbook for Chapter 13*

*Standing Trustees, 11-1 to 11-2, (revised December 1, 1998).* Thus, under the 1998

---

[1] The December 1, 1998, version was the version in effect before the October 1, 2012 revision. See U.S. Dept. of Justice, Exec. Office for the U.S. Tr., Handbook for Chapter 13 Standing Trustees (December 1, 1998), https://www.justice.gov/sites/default/files/ust/legacy/2011/12/29/Handbook_Ch13 _Standing_Trustees.pdf

Handbook, standing chapter 13 trustees were instructed to take the percentage fee at the time of disbursement under the plan rather than upon receipt of the plan payment from the debtor. Confirmation is an event that occurs in the life of a chapter 13 case before disbursements can occur. 11 U.S.C. §1326(a)(2).

The Bankruptcy Court below, citing an article published by the Executive Office for the U.S. Trustees, noted that U.S. Trustee's percentage fee policy changed in July 2012 in response to the *Antonacci* decision. ER-40-41. The change allowed trustees to collect and retain the percentage fee on receipts in cases dismissed or converted prior to confirmation. ER-41. In 2014, the policy was changed again to allow standing trustees to collect their fees upon receipt of payment. *Id.* As the Bankruptcy Court below noted, the U.S. Trustee's policy changes occurred because of the U.S. Trustee's analysis as part of the brief it filed in *Antonacci*. *Id.*

Thus, between 1998 and 2012, standing trustees could not take fees upon receipt of each and every plan payment from the debtor, rather trustees had to wait until a plan was confirmed and disbursements were made. The chapter 13 system did not collapse during that fourteen-year period when the standing chapter 13 trustee could only take her fees upon disbursements rather than receipt of payments. The system will continue to function if this Court finds that chapter 13

trustee are not entitled to retain their percentage fee when a case is dismissed prior to confirmation.

## II. 28 U.S.C. §586(e)(2) is not an absolute mandate and does not override 11 U.S.C. §1326(a)(2) or §1326(b) and the chapter 13 scheme.

The chapter 13 bankruptcy scheme is one that requires the debtor to propose and a confirm a chapter 13 plan that contributes a portion of the debtor's future income toward the chapter 13 plan. 11 U.S.C. §§1321, 1322. The debtor is required to start making his proposed plan payments within 30 days of the petition date or within 30 days of filing the chapter 13 plan. 11 U.S.C. §1326(a)(1). The debtor is also free to amend his chapter 13 before it is confirmed and there are no limitations on how the plan may be amended other than those outlined in 11 U.S.C. §1323. The confirmation hearing is held between 20 and 45 days after the 341(a) meeting of creditors. 11 U.S.C. §1324. If the debtor meets the requirements of confirmation contained in 11 U.S.C. §1325, then the proposed plan is confirmed. If it does not, then confirmation is denied. If a plan is confirmed then the trustee is required to distribute the plan payment in accordance with the plan as soon as practicable. 11 U.S.C. §1326(a)(2).

The chapter 13 trustee argues that her fees are not payments that are subject to the "return" mandate in §1326(a)(2). AAB at 30. She argues that §586(e)(2) operates first to create the percentage fee that she is required to collect. *Id*.

6

Second, she argues that §1326(a)(1)(A) entitles her to receive payments "in the amount proposed by [a] plan to the trustee," which the debtor must start making "no later than 30 days after the …filing of the plan. *Id* at 30-31. Lastly, she contends that §1326(b)(2) permits the trustee's "percentage fee" to be "paid" any time "[b]efore…payment to creditors under the plan." *Id* at 31.

The trustee's argument is flawed because a confirmed plan is a pre-requisite to the application of 11 U.S.C. §1326(b)(2). Section §1326(b)(2) is the section in the chapter 13 statutory scheme that allows the payment of the standing trustee's statutory fee referenced in 28 U.S.C. §586(e)(1)(B). Section 1326(b)(2) allows payment of that fee before or at the time of each *payment to creditors under the plan*. The Tenth Circuit analyzed the meaning of the phrase "payments under the plan" as contained in 11 U.S.C. §1328(a) which governs discharges in chapter 13. *Kinney v. HSBC Bank USA, N.A. (In re Kinney),* 5 F.4th 1136 (10th Cir. 2021). In holding that the phrase "payments under the plan" means "subject to or under the authority of the plan" the Tenth Circuit reasoned:

> To ascertain the better interpretation of this ambiguous term, we must focus on the context. See *Pereira* , 138 S. Ct. at 2117 (stating that the Court must draw the meaning of "under" from its context). The context here suggests that the payments are "under the plan" only if they are subject to or under the authority of the plan.
>
> "Under" connects two nouns: "payments" and "plan." 11 U.S.C. § 1128(a). Though "under" bears multiple meanings, a payment "under" a bankruptcy plan is "more natural[ly]" read as something "subject to

> ... or under the authority of" the plan. *Piccadilly Cafeterias* , 554 U.S.
> at 39–41, 128 S.Ct. 2326.

*In re Kinney,* 5 F.4th at 1142. In its analysis, the Tenth Circuit looked to the

Supreme Court's *Piccadilly Cafeterias* decision for guidance which considered the

meaning of the term "under a confirmed plan" as used in 11 U.S.C. §1146(c) under

a previous version of the code. *Id* at 1142. The Tenth Circuit noted that in

*Piccadilly,* the Supreme Court considered whether a transfer could be "under" a

confirmed plan if the transfer had preceded confirmation of the plan. *Id at 1142*.

The Tenth Circuit explained that the Supreme Court answered "no" because the

"more natural" reading of "under" suggests that the transfer must be "subject to" or

"under the authority of" the plan. *Id*. Moreover, the Supreme Court held that the

transfer could not be subject to or under the authority of the plan if the plan had not

yet been confirmed.

The Supreme Court's *Piccadilly* decision cited to the Third Circuit's

decision in *In re Hechinger Investment Co. of Delaware, Inc.*, 335 F.3d 243 (3rd

Cir. 2003). In *Hechinger* the Third Circuit concluded:

> After considering all of these definitions [of the term "under"],
> we believe that the most natural reading of the phrase "under a plan
> confirmed" in 11 U.S.C. § 1146(c) is "authorized" by such a plan. [See
> Random House Dictionary of the English Language 1543 (unabridged
> ed. 1967)]. When an action is said to be taken "under" a provision at
> law or a document having legal effect, what is generally meant is that
> the action is "authorized" by the provision of law or legal document.
> Thus, if a claim is asserted "under" 42 U.S.C. § 1983, Section 1983

provides the authority for the claim. If a motion is made "under" Fed. R. Civ. P. 12(b)(6), that rule provides the authority for the motion. If benefits are paid "under" a pension or welfare plan, the payments are authorized by the plan.

On this reading, if an instrument of transfer is made or delivered "under" a plan, the plan must provide the authority for the transaction.

335 F.3d at 252 ; see also In re NVR, LP , 189 F.3d 442, 457–58 (4th Cir. 1999) (concluding that the plain meaning of "under" forecloses characterization of preconfirmation transfers as "under a plan confirmed" for purposes of 11 U.S.C. § 1146(c) ). *Kinney*, 5 F.4th at 1142-43.

The Tenth Circuit's analysis of the term "under the plan" which is based on the Supreme Court's *Piccadilly* decision is applicable in this case. It supports the position that the phrase "under the plan" in 11 U.S.C. §1326(b) requires a confirmed chapter 13 plan because that confirmed chapter 13 becomes the source or the authority for the payment of that percentage fee.

Confirmation of a chapter 13 also finalizes the dollar amount of the trustee's percentage fee. Prior to confirmation a debtor can amend the proposed chapter 13 plan alter the plan payments as the debtor deems necessary.  11 U.S.C. §1323. Contrary to the example that the trustee uses, the debtor's ability to modify the dollar amount of the plan payment pre-confirmation demonstrates that 28 U.S.C. §586(e)(2) is not an absolute mandate. The trustee argues that the statutory cap is not violated when a debtor amends a plan pre-confirmation to reduce all plan

9

payments. AAB at 19-21. The trustee is authorized to take her percentage fee from payments received by the trustee under plans. The amended plan becomes the source upon which the fee is calculated, not the original plan. 11 U.S.C. §1323(b). The debtor's ability to amend a plan before confirmation and alter the dollar amount of the plan payment is not "temporal jumbling" but rather a reality that chapter 13 debtors engage in routinely in chapter 13 cases. It highlights the problem with the trustee's argument that §586(e)(2) is an absolute mandate.

Section 1326(a)(2) states that when a chapter 13 plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b). The trustee argues that debtors fail to explain why "proposed plan payments under §1326(a)(1)(A) necessarily include the trustee percentage fee." AAB at 31-32. The plain language of the statute itself states that. In this case, the debtors' plan proposed two payments to the trustee at $180 per month followed by fifty-eight payments at $1,800 per month. ER-53. The debtors' plan also provided for trustee fees in paragraph 4.2 of the plan. ER-54. There is no conceivable argument that the phrase "propose plan payments" does not also include the trustee fee. Section 1326(b)(2) provides for payment of the trustee fees at or before the time of each payment to creditors "under the plan." As explained in *Kinney* above, "under the plan" means under the authority of the plan.

10

The percentage fee is not paid separately to the trustee – it comes from the payment made by the debtor to the trustee in the amount proposed by the plan.

The trustee also point to 11 U.S.C. §330(c) as support for the argument that the trustee fee is not included in the definition of "plan payment." AAB at 32. Section 330(c) provides that, "[u]nless the court orders otherwise, in a case under chapter 12 or 13 of this title the compensation paid to the trustee serving in the case shall not be less than $5 per month from any distribution under the plan during the administration of the plan." Section §330(c) requires a debtor to propose a plan that pays at least $5 per month in trustee fees. However, §330(c) specifically states that it is paid from the distribution[s] under the plan. Applying the logic of *Kinney*, the reference to "under the plan" requires a confirmed plan. That confirmed plan sets forth the plan payment that is the source of the distribution. Nothing in §330(c) supports the argument that the trustee fee is not included in the definition of "plan payment."

### III. Sections 349 and 1307 do not provide authority for the trustee to retain her percentage fees.

Section 1307 sets forth the grounds for dismissal of a chapter 13 case and §349 establishes the effect of dismissal of the case. Section 349(b)(3) revests property of the estate back in the entity in which such property was vested immediately before the commencement of the bankruptcy case. In chapter 13 the term "property of the estate" is defined in 11 U.S.C. §1306. Specifically,

§1306(a)(2) includes the debtor's earnings from services performed by the debtor after the case is commenced but before it is closed, dismissed, or converted. The debtor also remains in possession of all property of the estate unless the confirmed plan or the order confirming the plan states otherwise. See §1306(b).

The debtor also uses a portion of that estate property to fund a chapter 13 plan. §1322(a)(1). Section 1322(a)(1) requires the debtor to submit all or a portion of future earnings or income "to the supervision and control of the trustee as is necessary for the execution of the plan." A debtor complies with this requirement by proposing a plan payment in a proposed chapter 13 plan since this is one of the plan requirements outlined in §1322.

The ownership of that plan payment, which is estate property, still belongs to the debtor under the plain meaning of §1306 even though the chapter 13 trustee may have physical control over it while a case is pending confirmation. Nothing in §1307 and §349 permits the trustee to retain her percentage fee.

**IV.    The Parallel Provisions in Chapter 12 and Subchapter V Cases Support the Argument that Standing Chapter 13 Trustees May Not Retain Their Percentage Fee When a Chapter 13 Case is Dismissed Prior to Confirmation.**

The trustee argues that §§1226(a)(2) and 1194(a)(3) expands the monies that are subject to trustee fees by the inclusion of the term "funds" in both statutes. AAB at 39. The issue before this court is not the issue of "funds." The issue is

whether the trustee can retain the percentage fee that she takes from plan

"payments" when the case is dismissed before confirmation. Chapter 12 explicitly

allows the standing chapter 12 trustee to retain those fees in the event the plan is

not confirmed. See §1226(a)(2). Subchapter V also explicitly allows the standing

subchapter V trustee to retain those fees when a plan is not confirmed. §1194(a)(3).

Chapter 13 lacks a similar provision even though Section 586(e)(2) applies to

standing trustees under chapter 12, chapter 13, and subchapter V equally.

Lastly, the trustee points to this Court's decision in *Fulkrod*, a chapter 12

case. AAB at 42. The issue in *Fulkrod* was nuanced – whether a chapter 12 debtor

may pay a modified claim directly in order to avoid paying trustee fees. *In re

Fulkrod*, 973 F.2d 801, 803 (9th Cir. 1992). This Court ruled in *Fulkrod* that a

chapter 12 debtor could not pay a modified (or impaired) claim directly under the

chapter 12 statutory framework. *Id*. *Fulkrod* is not on point with respect to whether

a chapter 13 trustee may retain her statutory fee when a case is dismissed pre-

confirmation.

## CONCLUSION

For the above-stated reasons the decision of the District Court should be

reversed.

DATED: September 22, 2022

13

CAVAL LAW OFFICE, P.C.

*/s/ Alexandra O. Caval*
Alexandra O. Caval

*Attorney for Appellants*
Roger A. Evans & Lori A. Steedman

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** _____

The undersigned attorney or self-represented party states the following:

[ X ]  I am unaware of any related cases currently pending in this court.

[  ]  I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[  ]  I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:


**Signature** */s/ Alexandra O. Caval*_____ **Date** September 22, 2022

*(use "s/[typed name]" to sign electronically filed documents)*

15

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 22-35216

I am the attorney or self-represented party.

**This brief contains <u>3,750</u> words,** excluding the items exempted by Fed. R.

App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P.

32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X ] complies with the word limit of Cir. R. 32-1.

[  ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[  ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5),
Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[  ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[  ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  [  ] it is a joint brief submitted by separately represented parties;
  [  ] a party or parties are filing a single brief in response to multiple briefs; or
  [  ] a party or parties are filing a single brief in response to a longer joint brief.

[  ] complies with the length limit designated by court order dated _____.

[  ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** */s/Alexandra O. Caval_____* **Date** September 22, 2022_____

*(use "*s/[typed name]*" to sign electronically filed documents)*

16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 22, 2022, I filed the foregoing electronically through the CM/ECF system, which cause the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Kathleen McCallister, ECF, Trustee
Mahesha Subbaraman, ECF, Attorney for Trustee-Appellee
Jeffrey P. Kauffman, ECF, Attorney for Trustee-Appellee

*/s/Alexandra O. Caval*
Alexandra O. Caval

17